Filed 3/8/13  P. v. McClain CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

WILLIAM KEITH McCLAIN,

    Defendant and Appellant.

E057026

(Super.Ct.No. RIF1101330)

OPINION

APPEAL from the Superior Court of Riverside County.  Michael S. Hider, Judge. (Retired judge of the Merced Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

James R. Bostwick, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

INTRODUCTION

On June 16, 2011, defendant and appellant William Keith McClain pled guilty to possession of ammunition as a person prohibited from owning a firearm under Penal Code section 12316, subdivision (b)(1). In accordance with the terms of the plea agreement, the trial court imposed a two-year sentence in state prison. Execution of the prison sentence was suspended and defendant was placed on probation for 36 months. Two of the probationary terms included: "Obey all laws, ordinances, and court orders"; and "Do not knowingly own, possess or have control of any firearm, deadly weapon or ammunition."

On August 9, 2011, the district attorney filed a petition to find defendant in violation of his probation on the ground that he possessed ammunition in violation of Penal Code section 12316, subdivision (b)(1). The matter was continued numerous times. On July 9, 2012, the trial court granted the district attorney's request to amend the petition to add the allegation that defendant had also violated the probationary term that he not knowingly own, possess, or have under his control a firearm, deadly weapon, or ammunition. At the conclusion of the July 16, 2012 revocation hearing, the trial court found that defendant had violated both terms.

On August 17, 2012, the trial court ordered execution of the previously suspended two-year state prison sentence. On August 21, 2012, defendant filed a notice of appeal from the contested probation violation.

# I

## STATEMENT OF FACTS

On July 14, 2011, Riverside County Deputy Sheriff Cox participated in a probation search of defendant's home in El Cerrito, Riverside County. She personally searched defendant's bedroom, including a dresser. In the second from the top dresser drawer, Deputy Cox found a live .22 caliber bullet. A wallet located next to the bullet contained defendant's driver's license. In the same bedroom, the deputy also found a "bow" behind the door.

Senior Probation Officer Doty was also present during the search of defendant's residence. He testified that a motorcycle parked near the house was registered to defendant. Defendant admitted to Officer Doty that he was using the bedroom where the bullet was found. The officer saw the bow at the residence but did not seize it.

Catherine Clements testified that she had a date with defendant shortly after July 4, 2011. During their date, they walked about two blocks from defendant's house. Clements likes to collect rocks. During the walk, she picked up some rocks and a bullet. She returned with defendant to his residence and watched a movie. After defendant fell asleep, she put the rocks and the bullet in his dresser drawer, and then left. This was their one and only date. About a month before the hearing, defendant contacted Clements at a restaurant. He was upset and told her that it was her fault he was in trouble because she had placed a bullet in his dresser drawer.

Defendant testified that he makes a living running a tree trimming and removal business.  He acknowledged that he was on probation for possession of ammunition.  He did not know the bullet was in his dresser and had never seen it.  He would not knowingly have had a bullet.  The bow did not belong to him.  It belonged to one of his roommates.

II

ANALYSIS

After defendant appealed, and upon his request, this court appointed counsel to represent him.  Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so.  Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

## III

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER\
Acting P.J.

We concur:

MILLER\
J.

CODRINGTON\
J.